# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

SHOPPES OF MOUNT PLEASANT, LLC, a     )
Delaware Limited Liability Company     )
    )
    )    Case No. CPU4-14-001415
    Plaintiff,    )
    )
    v.    )
    )
J.M.L., INC., a Delaware Corporation and     )
LAWRENCE GILLEN, an individual     )
    )
    Defendants.    )

Submitted:    January 31, 2019
Decided:    March 18, 2019

Josiah R. Wolcott, Esquire
Connolly Gallagher, LLP
267 East Main Street
Newark, Delaware 19711
*Attorney for Plaintiff*

Donald L. Gouge, Jr., Esquire
Donald L. Gouge, Jr., LLC
800 N. King Street, Suite 303
Wilmington, Delaware 19801
*Attorney for Defendants*

## MEMORANDUM OPINION AND ORDER
## ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

The plaintiff, Shoppes of Mount Pleasant, LLC[1] (hereinafter "Plaintiff"), moves this Court to order costs and attorney's fees against the defendants, J.M.L., Inc. and Lawrence Gillen (hereinafter "Defendants"). This case, which originated as a commercial breach of contract action, has a convoluted history dating back to May 29, 2014, which began in this Court and involved numerous appeals. Plaintiff seeks attorney's fees and costs that accrued as a result of defending the proceedings following trial. Defendants oppose the request alleging the request is untimely

---

[1] "During the course of this litigation, Plaintiff converted to a Delaware Statutory Trust and is now known as Shoppes of Mount Pleasant, DST." Pl.'s Mot. for Att'y Fees and Costs n.1.

and unreasonable, as it comes 100 days after the issuance of the final order of Superior Court dated April 30, 2018.[2]

On October 12, 2018, a motion hearing was held and the issues regarding timeliness and reasonableness were presented to the Court. As to costs, the Court found that Superior Court Civil Rule 54(d)[3] which proscribes a 10-day deadline to request costs was applicable in the absence of a comparable rule in the Court of Common Pleas,[4] rendering Plaintiff's request for costs untimely.[5] At the conclusion of the hearing, the Court took the matter under advisement and requested supplemental briefing regarding whether the request for attorney's fees was timely made and whether the amount requested was reasonable, with emphasis on the time spent briefing the Delaware Supreme Court on appeal. This is the Final Decision and Order of the Court on Shoppes of Mount Pleasant, LLC's Motion for Attorney's Fees and Costs.

## FACTS AND PROCEDURAL HISTORY

On May 29, 2018, Plaintiff commenced this action which resulted in a favorable decision granting Plaintiff a judgment in the amount of $21,984.80 plus post-judgment interest at 6% per annum until paid in full, for which Defendants were jointly and severally liable. The May 11, 2015, trial opinion ordered Plaintiff to submit an affidavit in support of attorney's fees within thirty days, with which Plaintiff complied. In an order dated August 4, 2015, this Court granted Plaintiff attorney's fees in the amount of $20,132.00 and costs in the amount of $1,933.74. Subsequent to

---

[2] Final decision from Superior Court affirming Motion to Vacate was issued April 30, 2018, and this Motion for Costs and Attorney's Fees was filed August 7, 2018.

[3] "Except when express provision therefor is made either in a statute or in these Rules or in the Rules of the Supreme Court, costs shall be allowed as of course to the prevailing party upon application to the Court within ten (10) days of the entry of final judgment unless the Court otherwise directs."

[4] Ct. Com. Pl. Civ. R. 54(d) ("Except when express provision therefor is made either in a statute or in these Rules or in the Rules of the Supreme Court, costs shall be allowed as of course to the prevailing party unless the Court otherwise directs.").

[5] Plaintiff's request for costs comes 100 days after the final decision in Superior Court dated April 30, 2018.

2

trial, the following events took place: 1) October 14, 2015, Defendants appealed the trial order dated May 11, 2015, to Superior Court;[6] 2) Defendants appealed the Superior Court decision to the Delaware Supreme Court on or about November 11, 2016;[7] 3) During Defendants' appeal to the Delaware Supreme Court, Plaintiff began to execute on the judgments, which resulted in Plaintiff filing suit against Defendants in the Court of Chancery;[8] 4) March 15, 2017, Defendants filed a Motion to Stay and a Motion to Vacate;[9] 5) May 9, 2017, Defendants filed a Motion to Vacate Judgment;[10] 6) September 13, 2017, Defendants appealed the denial of the Motion to Vacate to the Superior Court;[11] 7) August 7, 2018, Plaintiff filed the instant Motion for Attorney's Fees and Costs whereby Plaintiff requests $36,372.00 in attorney's fees and $1,821.81 in costs.[12] The request comes 100 days after the final decision of Superior Court dated April 30, 2018. On October 12, 2018, a hearing on the instant Motion was held.[13] On October 22, 2018, Defendants filed a supplemental brief as ordered by the Court. On November 5, 2018, Plaintiff filed a supplemental brief in response. On December 14, 2018, Plaintiff's counsel submitted another supplemental affidavit for an additional $5,908.00 in attorney's fees.[14] The requested attorney's fees now total $42,280.00. On January 7, 2019, Defendants filed a response in opposition to the supplemental request for $5,908.00 in attorney's fees. Defendants' response indicated that there

---

[6] On October 14, 2016, Superior Court reversed in-part, reducing damages, and affirmed in-part as to the attorney's fees and costs.

[7] On February 8, 2017, the parties stipulated to dismissing the appeal.

[8] *See* Pl.'s Mot. for Att'y Fees and Costs ¶ 5 (discussing the need for Plaintiff to petition the Court of Chancery to prevent Defendants' attempt to foreclose on a mortgage which would have interfered with Plaintiff's ability to execute on underlying judgments).

[9] On March 31, 2017, the Motion to Stay was granted with surety. Failure to comply with the order would deem the Motion to Vacate withdrawn. The Motion to Stay was later withdrawn by Defendants.

[10] On August 11, 2017, Defendants' Motion to Vacate Judgment was denied.

[11] On April 30, 2018, Superior Court affirmed the denial of Defendants' Motion to Vacate.

[12] On October 8, 2018, Defendant responded in opposition to Plaintiff's Motion for Attorney's Fees and Costs.

[13] During the Motion hearing, Plaintiff's counsel advised the Court that the Motion did not already include charges for drafting the instant Motion, attending the Motion hearing, or a meeting with defense counsel. Therefore, Plaintiff's counsel stated his intention to submit a supplemental affidavit for said fees.

[14] The affidavit contains twenty-one hours-worth of fees not already included in the original Motion. These fees encompass drafting the instant Motion, argument on the Motion and drafting of supplemental briefing.

were filing issues and miscommunications between the parties that needed to be resolved. On January 31, 2019, Defendants confirmed that the parties had conferred and Defendants were relying on their previous submission in opposition.

## PARTIES' CONTENTIONS

Plaintiff argues that the request for attorney's fees and costs is timely and reasonable. As to timeliness, Plaintiff argues that the Court of Common Pleas Civil Rule 54(d) does not provide for a deadline for requesting costs in contrast to its Superior Court counterpart, therefore, application is timely. Plaintiff also contends that it was reasonable to wait to calculate the fees and costs for the entire litigation, rather than submit requests in a piecemeal manner. Alternatively, Plaintiff argues that the Court should find that Plaintiff's failure to file the instant Motion sooner amounts to excusable neglect. Plaintiff also opines that Defendants have not been prejudiced by the delay in filing. As to reasonableness of the fee amount, Plaintiff defers to the factors considered by the Court in ordering attorney's fees after trial. Plaintiff further contends that the fees resulting from the briefs to the Delaware Supreme Court were reasonable as the briefs "vastly differe[d]"[15] from the previous briefs submitted to Superior Court.

In opposing the Motion for Attorney's Fees and Costs, Defendants argue that the Motion comes too late. Defendants contend that there were no prior requests for attorney's fees after the original appeal to Superior Court or subsequent proceedings and this Motion comes more than 90 days after the latest decision from Superior Court dated April 30, 2018. Defendants argue that an award of attorney's fees would essentially allow for an unlimited amount of time to file for such fees following a final decision, aggravating the notion of reaching finality in a case. As to costs,

---

[15] Pl.'s Supp'l Submission to Mot. for Att'y Fees and Costs at 4.

4

Defendants propose for the Court to adopt Superior Court Civil Rule 54(d)'s 10-day limit pertaining to costs. As to attorney's fees, Defendants argue the Court should follow either Federal Rule of Civil Procedure 54(d)(2)(B) which allows 14 days to file a request for fees or apply the 30-day limit required for appeals. Alternatively, Defendants argue that if fees and costs are rewarded to Plaintiff, the same analysis used in the August 4, 2015 decision pertaining to fees and costs should be applied here, thus reducing the requested award. Defendants also defer to the nine points of consideration set forth in the May 11, 2015 trial opinion to decide whether the time spent by Plaintiff's counsel on briefs to the Delaware Supreme Court was reasonable. Lastly, Defendants argue that the fees and costs associated with the action filed in the Court of Chancery should not be considered.

## DISCUSSION

### *Request for Costs is Untimely*

Defendants are correct in asserting that the time to bring a motion for costs and attorney's fees is not unlimited. In accordance with the record of the October 12, 2018 Motion hearing, the Court is inclined to adopt Superior Court Civil Rule 54(d) which sets forth a 10-day deadline for requesting costs where the Court of Common Pleas Civil Rule 54(d) is silent as to timing. Since the request for costs comes 100 days after the April 30, 2018 order from Superior Court, the request for costs is denied.

### *Request for Attorney's Fees is Timely Under the Circumstances*

Whether this Court retains jurisdiction to resolve the request for attorney's fees which were incurred as a result of various appeals is undisputed by the parties.[16] Indeed this Court does retain

---

[16] Defs.' Resp. in Opp'n to Pl.'s Req. for Att'y Fees and Costs ¶ 9 ("The defendant does not dispute that this Court retains jurisdiction to hear a fee application, but not for unlimited amount of time.").

such jurisdiction. "Where a plaintiff wins its case . . . and is awarded attorney's fees pursuant to a contract between the parties, and the defendant appeals the decision . . . and the trial court's award is affirmed . . . the Court does have jurisdiction and may properly award attorney's fees for the appeal."[17] Defendants aver that such jurisdiction is not for an unlimited period of time.

There is no rule in the Court of Common Pleas or Superior Court prescribing a time for requesting attorney's fees. Therefore, the Court looks to other Delaware courts for guidance. In a recent opinion cited by Plaintiff, the Delaware Court of Chancery grappled with determining timeliness of service of process where the court lacked a rule requiring a set time for effecting service.[18] Chancery Court determined that the court would look at whether the timing was the result of dilatory conduct, whether the opposing party received notice of the suit, and whether the untimeliness resulted in prejudice against the opposing party.[19] Applying such a reasonableness standard where a balancing of factors is weighed, this Court finds that Plaintiff's request for attorney's fees is timely. While under different circumstances filing beyond 90 days could be found unreasonable, in the instant matter it is not. Defendants extended litigation over 4 years and involved numerous courts. It was Defendants' behavior throughout the course of litigation that caused Plaintiff to incur the escalating attorney's fees. Further, there was no resulting prejudice to Defendants caused by the late filing.[20] For these reasons, the Court finds that Plaintiff is entitled to fees.

---

[17] *Council of Wilmington Condo. v. Wilmington Ave. Assoc.'s, L.P*, 1999 WL 1223792, at *1 (Del. Super. Nov. 3, 1999).
[18] *Re IMO Last Will & Testament of Harley*, 2017 WL 4158803, at *2 (Del. Ch. Sept. 18, 2017).
[19] *Id. See also Evans v. Lee*, 36 A.3d 349 (Del. 2012) (holding when there is no set time to file a motion to reopen, the movant must act with reasonable diligence and the motion should be filed without unnecessary delay).
[20] At the Motion hearing on October 12, 2018, defense counsel stipulated that Defendants suffered no prejudice by the late filing for attorney's fees.

*Request for Attorney's Fees is Reasonable*

As to reasonableness of the fees, this decision incorporates the legal standard applied in the decision on fees dated August 4, 2015,[21] wherein this Court applied the reasonableness factors of Rule 1.5 of The Delaware Lawyers' Rules of Professional Conduct. Pursuant to Rule 1.5, the Court will consider the following:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent.[22]

The Court must also determine whether the hours charged are "excessive, redundant, duplicative or otherwise unnecessary."[23]

---

[21] This Court found that although Delaware follows the American Rule requiring each party to bear its own costs, the fee shifting provision in the underlying contract in this case effectively shifted fees onto the non-prevailing party.

[22] Del. Lawyers' R. Prof'l Conduct 1.5(a).

[23] *Mahani v. Edix Media Group, Inc.*, 935 A.2d 242, 247 (Del. 2007).

The Court finds the following upon application of the aforementioned factors:

(1) *The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;*

As stated in the prior order dated August 4, 2015, this case did not involve complex commercial litigation, nor did it require superior knowledge or experience beyond that possessed by a junior employee.

(2) *The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;*

Consistent with the finding in factor one, acceptance of this case would not have likely precluded Mr. Wolcott from accepting new cases.

(3) *The fee customarily charged in the locality for similar legal services;*

Consistent with the August 4, 2015 order prescribing a rate of $280 an hour as a reasonable hourly fee, this Court finds that Mr. Wolcott's application of $280 an hour is the appropriate rate.

(4) *The amount involved and the results obtained;*

Plaintiff sought $26,286.75 and was awarded $21,984.80 at trial.

(5) *The time limitations imposed by the client or by the circumstances;*

This factor is not apparently at issue.

(6) *The nature and length of the professional relationship with the client;*

The circumstances of the professional relationship is unknown and is not apparently at issue.

(7) *The experience, reputation, and ability of the lawyer or lawyers performing the services;*

8

Mr. Wolcott is an experienced and highly regarded member of the Delaware Bar as well as a partner of a respected firm. Mr. Wolcott's conduct throughout the litigation was as would be expected from such a member. Thus, the Court is satisfied with his representation in this case.

### (8) *Whether the fee is fixed or contingent.*[24]

The fees are based on an hourly rate for counsel's services; the fees are not fixed or contingent. A review of Plaintiff's counsel's billing statements indicates that preparation of the briefs to the Delaware Supreme Court on appeal comprised approximately 29% of the post-trial fees, or 45 of the 150.9 total hours. The Court has not been supplied copies of the briefs, but Plaintiff's counsel contends that they "vastly differ[ed]"[25] from briefs submitted to Superior Court "both in format and substance."[26] Defendants challenge the Supreme Court fees but provide the Court with no basis for finding those fees, or others, excessive, redundant, duplicative or otherwise unnecessary. Consistent with Defendants' request,[27] Plaintiff's counsel has already reduced the hourly rate in accordance with the prior order of August 4, 2015.

As to fees associated with the Chancery Court matter, Defendants' request to exclude these fees is denied. Plaintiff's filing in Chancery Court was necessary to enforce the order of this Court which Defendants, in a blatant act of bad faith, attempted to circumvent.[28] Defendant Gillen, in open court, agreed to allow execution on the judgment in order to avoid the cost of an appeal bond. Thereafter, Defendants attempted to avoid execution. Lastly, Plaintiff will be awarded compensation for the 21.1 additional hours incurred from July 25, 2018 to November 5, 2018 to draft the instant Motion, attend the Motion hearing, and draft the supplemental briefs. It is unclear

---

[24] Del. Lawyers' R. Prof'l Conduct 1.5(a).
[25] Pl.'s Supp'l Submission to Mot. for Att'y Fees and Costs at 4.
[26] *Id.*
[27] *See* Defs.' Resp. in Opp'n to Pl.'s Req. for Att'y Fees ¶ 9.
[28] Pl.'s Mot. for Att'y Fees and Costs, *supra* note 8.

9

if Plaintiff's supplemental affidavit accounts for fees related to a meeting with defense counsel as promised at the October 12, 2018 Motion hearing. Therefore, the award will include only the fees included in the affidavits provided to the Court.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** this 18th day of March, 2019, that Plaintiff's Motion for Attorney's Fees and Costs be **DENIED** as to costs and **GRANTED** as to attorney's fees. The award for attorney's fees is reduced to **$42,252.00** from the requested amount of $42,280.00 due to calculation errors found in the statements provided by Plaintiff's counsel.[29]

The Honorable Carl C. Danberg
Judge

cc:     Patricia Thomas, Judicial Case Manager

---

[29] Billing statements indicate that 7.7 hours were spent on attempts to execute on the underlying judgment associated with paragraph 6 of Mr. Wolcott's August 8, 2018, affidavit. At an hourly rate of $280, the total fees for said matter should reflect $2,156.00 instead of $1,988.00. Additionally, billing statements indicate that 38 hours were spent on defending the motion to vacate and stay execution associated with paragraph 8 of Mr. Wolcott's affidavit. At an hourly rate of $280, the total fees for said matter should reflect $10,640.00 instead of $10,836.00.